## J. LIVINGSTON MINIS et al.

*vs.*

## PENN. R. R. CO. et als.

*Equity pleading: claims not in the bill; appeals.*

Where certain claims for payments made were not mentioned
in the bill, or in the court below, it was *held*, on appeal, that,
under the circumstances stated in the opinion, the Court of
Appeals was not called upon to determine whether the plain-
tiffs were entitled to recover such payments when claimed in
the appeal.                                    p. 513

*Decided June 26th, 1913.*

*Wm. L. Marbury* and *Arthur W. Machen, Jr.,* filed a brief
for J. Livingston Minis *et al.,* in support of a motion for a
reargument in the above case.

Boyd, C. J., delivered the opinion of the Court.

A separate motion for reargument of No. 30 (which was
the plaintiff's appeal) was filed on the ground that no refer-
ence was made or consideration given in the opinion to the
claim of these appellants (plaintiffs below) for restoration
to the Northern Central Ry. Co. of the rebates shown by the
evidence to have been paid during the years 1890-1893.
While it is true that one of their objections to the decree
stated in the order for the appeal by these appellants was "in
so far as said decree omits or refuses to decree repayment
to the Northern Central Railway Company of the several
sums of money purporting to be shown as paid by said cor-
poration to and received by the Philadelphia, Wilmington
and Baltimore Railroad Company in Defendants' Exhibit
Comptroller No. 2, together with legal interest," etc., and
they were briefly referred to in the part of the brief relating

to the plaintiffs' appeal, we did not understand that they were being seriously pressed in this case. The bill does not claim them or mention them, and although it may be that the plaintiffs did not know of them until informed by the answers of the defendants, and the evidence, if they desired or intended to claim them it was only fair to the lower Court, as well as to the defendants, to amend the bill. Neither the opinion nor the decree of that Court referred to them, and the plaintiffs had themselves actually filed exceptions to "Defendants' Exhibit Comptroller No. 2," before the lower Court, as well as to other evidence of defendants relating to the question. The Court would therefore assume that they were not making any claim for them in this case. As there were exceptions to the very paper mentioned in the order for appeal, the Court may have concluded that it was not admissible under the allegations of the bill for the purpose of sustaining any right of the plaintiffs to recover them, which was a proper conclusion, if it did.

The evidence was offered by the defendants on the theory that they reflected upon one of their defenses to the claims which were made in the bill and considered in the other appeal. If it be held that under such circumstances as we have stated, this Court would be required to determine whether the plaintiffs were entitled to recover those payments, then instead of section 36 of Article 5 of the Code having the effect of protecting litigants from surprise and injustice, it would have the very opposite effect.

We did not regard the question as properly before us but if we had thought otherwise we could have had no hesitation in holding that under the evidence in this record no recovery could be had for those rebates.

*Motion for reargument overruled.*